## LOCAL 814, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, Appellee,

v.

## J & B SYSTEMS INSTALLERS & MOVING, INC., and Mega Van and Storage, Inc., Appellants.

### No. 1048, Docket 89-7038.

United States Court of Appeals, Second Circuit.

Argued April 26, 1989.

Decided June 13, 1989.

Harvey Tropp, Tropp & Tropp, New York City, for appellants.

Eugene S. Friedman, Friedman, Levy–Warren & Moss, New York City (Franklin K. Moss, Michelle Fox, on the brief), for appellee.

Before OAKES, Chief Judge, and MESKILL and WISDOM,* Circuit Judges.

PER CURIAM:

J & B Systems Installers & Moving, Inc. ("J & B"), and Mega Van and Storage, Inc. ("Mega") appeal from a decision of Judge I. Leo Glasser of the United States District Court for the Eastern District of New York. The district court granted summary judgment to Local 814 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America ("the union"), confirming and enforcing an arbitration award of the Moving and Storage Joint Labor–Management Board ("Joint Board"). Appellants claim that the award should not have been confirmed because of the "evident partiality" of one of the arbitrators and because the Joint Board failed to promulgate rules and regulations for the

_* Of the United States Court of Appeals for the_   Fifth Circuit, sitting by designation.

conduct of its affairs as required by the Collective Labor Agreement. We affirm.

The arbitration proceeding arose from the discharge in October 1987 of Angelo Bracco from his job at J & B, a company that is affiliated with Mega. The union took his grievance to the Joint Board. The Joint Board consists of six members: Three represent the employers, and three represent the union. The employers collectively have one vote on the Board, as does the union. Each side's vote is determined by a majority of its three representatives. The two votes must concur for the Joint Board to make an award; otherwise, the matter is taken to arbitration under the rules of the American Arbitration Association.

In a series of awards in 1988, the Joint Board found that J & B and Mega were jointly and severally liable to Angelo Bracco for $12,018.75 in backpay. When the union sought to enforce the award for backpay in the district court, J & B and Mega reiterated, among other arguments, the objection presented in prior proceedings that the Joint Board had failed to promulgate rules and regulations. In addition, appellants alleged for the first time that one of the management members of the Joint Board was biased in favor of the union. The district court rejected these objections and granted summary judgment to the union.

The appellants' claim that one of the arbitrators was biased is based on a grand jury investigation of the affairs of Local 814. It appears from the arguments of the parties here that James Vincent Bracco, the father of Angelo Bracco and then president of the local union, was one of twelve people indicted in that investigation. Frank Narcisco, who later served as one of the employer representatives on the Joint Board, refused to cooperate when called to testify before the grand jury. He was cited for civil contempt and jailed for several months. He was also convicted on criminal contempt charges. Appellants argue that Narcisco remained silent and went to jail in order to protect James Vincent Bracco; it must be presumed, therefore, that he would be biased in favor of that man's son, Angelo Bracco.

■ An arbitration award may be vacated if an arbitrator shows "evident partiality." 9 U.S.C. § 10(b) (1982). This court has decided that "evident partiality" involves more than just the "appearance of bias." We do not, however, require proof of actual bias. Instead, we have held that "evident partiality" exists "where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds,* 748 F.2d 79, 84 (2d Cir. 1984). In *Morelite,* we vacated an arbitration award because the sole arbitrator was the son of an official of a union involved in the controversy. We observed that sons, more often than not, are partial to their fathers. A father-son relationship between party and arbitrator therefore required the *per se* vacation of the arbitration award. *Id.* at 84–85.

*Morelite* applies to the issue of Narcisco's alleged partiality. There is a father-son relationship in this case, but its connection to the arbitration is more attenuated than in *Morelite.* Appellants invite us to assume that Narcisco refused to cooperate with the grand jury investigation in order to protect James Vincent Bracco and, further, that this requires us to assume that Narcisco would be biased in favor of Angelo Bracco. This is speculation that might suffice to show an "appearance of bias," but it falls short of *Morelite's* "reasonable person" standard. Appellants have presented no other evidence that would lead us to conclude that Narcisco was partial to Angelo Bracco. In the grand jury investigation, Narcisco could have been acting to protect himself, or one of the other targets of the investigation. Even if he was protecting James Vincent Bracco, it does not necessarily follow that his loyalty toward the father would extend to the son.

■ Nor have appellants presented any evidence tending to show that Narcisco's putative partiality prejudiced them. The composition and procedure of the Joint Board, with three employer representatives

deciding by majority vote how to cast their single vote, means that Narcisco's influence was limited. It is not enough, under *Morelite*, to assert that Narcisco might have improperly influenced the other employer representatives. Again, while we do not require proof of actual bias, the reasonable person standard does require more than speculation that amounts to a claim that there is an "appearance of bias." We conclude that appellants have not made a showing of evident partiality sufficient to vacate the arbitration award.

█ With respect to appellants' second claim of error, we agree with the court below that the Joint Board's failure to promulgate rules and regulations for the conduct of its affairs is not, in itself, a ground for overturning the Board's award. To prevail on this point, appellants must point to some prejudice they suffered as a result of the Joint Board's action. This they have failed to do. *Cf. Kirkland v. Arkansas–Best Freight Svs., Inc.*, 629 F.2d 538, 542–47 (8th Cir.1980) (affirming remedy only to extent that plaintiffs' interests were actually damaged by procedural irregularities), *cert. denied*, 450 U.S. 980, 101 S.Ct. 1514, 67 L.Ed.2d 814 (1981).

Judgment affirmed.